IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LONNIE OLIVER, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:10cv24 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Lonnie Oliver, Jr., an inmate confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Discussion

Petitioner filed a motion for clarification of the presentence investigation report in the court of conviction, the United States District Court for the Northern District of Texas. The court, however, interpreted the motion as a petition for writ of habeas corpus and transferred the action to this court since petitioner is confined within the jurisdictional boundaries of this court.

Petitioner was ordered to submit either the filing fee or an application to proceed *in forma pauperis* within twenty days. Petitioner failed to comply with the order of the court. Accordingly, a report was subsequently issued recommending dismissal for want of prosecution.

Petitioner filed objections to the report in which he asserts he is not contesting the execution of his sentence. He asserts, instead, that he is contesting objections raised at sentencing and not ruled on by the court. To the extent, the present motion could be interpreted as presenting matters concerning the execution of his sentence, petitioner asserts he filed such claims in a petition for writ of habeas corpus in this court. *See Oliver v. Fox*, Civil Action No. 1:09cv442 (E.D. Tex.).

Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." Section 2241 is correctly used to attack the manner in which a sentence is executed. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). A petition filed under § 2241 which attacks errors that occurred at trial or sentencing is properly construed as a § 2255 motion. *Id.* at 877-78. However, there is one exception to this general rule. A prisoner may use Section 2241 as the vehicle for attacking the conviction if it appears that the remedy by motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

Section 2255 provides the primary means of collaterally attacking a federal conviction and sentence. *Tolliver*, 211 F.3d at 877. Relief under this section is warranted for errors that occurred at trial or sentencing. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). As petitioner attacks alleged errors occurring at sentencing, his filing should be treated as originally filed in the criminal action or construed as a motion to vacate, set aside or correct sentence. However, because petitioner was convicted in the United States District Court for the Northern District of Texas, this court lacks jurisdiction to entertain either a motion in the criminal case or a § 2255 motion.

A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is not a substitute for a motion to vacate sentence pursuant to 28 U.S.C. § 2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner. *Jeffers v. Chandler*, 253 F.3d 827 (5th Cir. 2001). A prior unsuccessful § 2255 motion,

or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *Tolliver*, 211 F.3d at 878.

The United States Court of Appeals for the Fifth Circuit has set forth the factors that must be satisfied for a petitioner to file a § 2241 petition in connection with § 2255's savings clause. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). In *Reyes-Requena*, the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Id*. at 904.

Here, petitioner's claim does not amount to a claim that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Accordingly, petitioner does not meet the criteria required to support a claim under the savings clause of § 2255. Additionally, petitioner makes clear in his objections that he is not contesting the execution of his sentence in this action, but, instead, contests objections raised at sentencing and not ruled on by the court. Further, petitioner has filed a previous petition for writ of habeas corpus in this court contesting the execution of his sentence.

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner is

convicted rather than dismissed for lack of jurisdiction.  An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED** this   29   day of           June          , 2011.

_/s/ Earl S. Hines_
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE